IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case Number 12-cr-00033-JLK

UNITED STATES OF AMERICA,

    Plaintiff,

        v.

1.  JAMSHID MUHTOROV, and
2.  BAKHTIYOR JUMAEV,

    Defendants.

_____

ORDER ON PENDING MOTIONS
REGARDING FISA-ACQUIRED EVIDENCE
_____

Kane, J.

    This matter is before me on the following Motions:

- Defendant Muhtorov's Motion to Suppress FISA Acquired Evidence for Purposes of Detention (Doc. 14) and related Supplement (Doc. 125); and

- Defendant Jumaev's Combined FISA-related Motions: (1) to Adopt Defendant Muhtorov's Supplemented Motion to Suppress; (2) for Disclosure Of FISA Materials; (3) for a Preliminary Challenge To Suppress FISA Acquired Evidence; and (4) for Leave To File A *Franks* Motion After Receipt All The Government's Discovery (Doc. 157).

Defendants seek disclosure of all applications, orders, and related materials obtained pursuant to the Foreign Intelligence Surveillance Act, as amended ("FISA"); suppression

of information obtained or derived pursuant to FISA; and leave to file a motion for an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).  In consequence and pursuant to statute, the government has filed an affidavit in which the Attorney General of the United States swears that disclosure of the FISA-acquired evidence or an adversary hearing would harm the national security of the United States.

     As the statutes require, I have conducted an *ex parte* and *in camera* examination of the Motions, the government's unredacted and sealed brief in support of nondisclosure, along with the affidavits and documents filed under seal and relevant to the Defendants' Motions.  From this examination and review of applicable authorities cited by the government and the Defendants, as well as authorities produced by my own research, I conclude on that basis the electronic surveillance and physical searches at issue were lawfully authorized and conducted, that the FISA materials need not and should not be disclosed in the interests of national security, and that the fruits of the electronic surveillance and physical searches should not be suppressed at trial.  Therefore, the several motions are DENIED.

     First, I make note of a general reluctance on my part as a judge to engage in any *ex parte* judicial activity and do so only when required by law.  While the responsibility of defense counsel to protect the rights of defendants cannot be overstated, it is important to note that in the context of defendants' rights to discover FISA-acquired evidence, it is not an exclusive responsibility.  The court itself is charged to protect the rights of defendants and to assure fairness in all proceedings under attendant circumstances.  The ambit or

extent of counsel's responsibility is not coterminous with that of the court and where Congress has determined in the best interests of national security to limit counsel's scope of inquiry, the court's vigilance in protecting defendants rights and insuring fairness rises to a level of scrutiny. I have undertaken this *ex parte* review required by 50 U.S.C. § 1806 (f) under that standard. It is the same standard used by the Foreign Intelligence Surveillance Court ("FISC"), meaning that I may not second-guess the Executive Branch's certification that the surveillance has a foreign intelligence objective. *In re Grand Jury Proceedings of the Special April 2002 Grand Jury*, 347 F.3d 197, 204-05 (7th Cir. 2003). My charge is to conduct a *de novo* review of the FISA materials to determine if the surveillance authorization was based on appropriate probable cause. If disclosure of the FISA materials is not necessary to make an accurate determination of the legality of the collection and if I find the surveillance was lawfully authorized and conducted, the motion must be denied. 50 U.S.C. § 1806(g).

Having concluded my review under 50 U.S.C. § 1806(f), I do not find it necessary to disclose any of the documents or orders incident to the FISA applications. There is no indication of any irregularities, misrepresentations of fact, vague identifications of the persons involved or any significant amount of non-foreign intelligence data that would call into question adherence to the minimization standards contained in the FISA orders. The attested facts support a finding of probable cause to believe that Defendants Muhtorov and Jumaev, the targets of the requested surveillance, were agents of a foreign power as defined by statute. I find the application and attendant affidavits complete and

in proper form and that as to the one Defendant who is a United States person (for that matter as well the other Defendant who is not a United States person), the certifications are not clearly erroneous.

In sum, I find that all of the FISA orders and applications concerning these Defendants meet the standards set out in 50 U.S.C. § 1801 *et seq*. While I do not find it necessary in this case to resort to a finding of a "good faith" belief on the part of the government agents involved in obtaining the FISA warrants, there is no indication whatever of a lack of such good faith. Moreover, I find these same persons made a good faith effort at minimizing information concerning United States persons that was acquired through the surveillance efforts. Therefore, I conclude the FISA surveillance was lawfully authorized and legally conducted. There is no basis for permitting defense counsel to review the FISA materials and no need to order a *Franks* hearing.

Finally, I find no basis for deviating from the near unanimous view that FISA does not violate the Fourth Amendment. It is conceivable that an argument could be made that FISA cannot be used to circumvent the Fourth Amendment because the probable cause standard to obtain a search warrant for a criminal prosecution is more stringent than for a FISA order, but that situation does not exist here where the electronic surveillance is directed at the activities of a foreign power and its agents and the criminal prosecution is merely incidental to that dominant purpose.

For the reasons stated, Defendant Muhtorov's Motion to Suppress (Doc. 14) and Supplement (Doc. 125), and the Combined FISA-Related Motions of Defendant Jumaev

(Doc. 157) are DENIED.

Dated September 24, 2012.

                                      **s/John L. Kane**
                                      SENIOR U.S. DISTRICT JUDGE