**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 1:12-cr-00033-JLK

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  JAMSHID MUHTOROV, and

2.  BAKHTIYOR JUMAEV,

      Defendants.

---

**GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION FOR ORDER
REQUIRING GOVERNMENT TO DISCLOSE OR PROVIDE DEFENSE COUNSEL
ACCESS TO ITS CLASSIFIED PLEADINGS AND OBJECTION TO EX PARTE
PROCEEDINGS**

---

The United States of America, through John F. Walsh, United States Attorney,
and Greg Holloway, Assistant United States Attorney, both for the District of Colorado,
and Erin Creegan, Trial Attorney for the United States Department of Justice, National
Security Division, Counterterrorism Section, files this response in opposition to
Defendant Muhtorov's motion for an order requiring the government to disclose
classified pleadings and objecting to *ex parte* proceedings and Defendant Jumaev's
motion to require the government to disclose, or otherwise provide his access to, its
classified pleadings and objection to the *ex parte, in camera* submission and final
determination by this Court of such pleadings without disclosure to the defendants.

INTRODUCTION

Defendant Muhtorov's motion, joined by Defendant Jumaev, treads familiar ground. Muhtorov has previously moved to be permitted to enter *ex parte*, *in camera* Classified Information Procedures Act (CIPA) proceedings, in contravention of the CIPA statute Congress has enacted and the courts have upheld, on the theory that the adversarial process is preferred. Dkt. 116 & 128. This Court denied the defendant's previous request. Dkt. 135. Now, in Foreign Intelligence Surveillance Act (FISA) proceedings, Defendant Muhtorov, joined by his co-defendant, again seeks to circumvent the procedure Congress has enacted and the courts have upheld by seeking access to classified information without meeting the statutory requirements for disclosure. In doing so, Muhtorov's memorandum echoes arguments recently made and rejected in *United States v. Daoud*, 2014 WL 2696734 (7th Cir. June 16, 2014).  For the reasons stated below, this Court should again reject defendants' request for improper access to classified information.

50 U.S.C. 1806(f)

FISA permits the government to use in a criminal prosecution information obtained or derived from a FISA order, provided that advance authorization is obtained from the Attorney General, 50 U.S.C. §§ 1806(b), 1825(c), and that notice is given to the Court and to each "aggrieved person" against whom the information is to be used. 50 U.S.C. §§ 1806(c)-(d), 1825(d)-(e), 1881e(a). The aggrieved person, upon receiving notice, may seek discovery of the "applications or orders or other materials relating to" the electronic surveillance or physical search and may also seek to suppress evidence

obtained from the surveillance or search if "the information was unlawfully acquired" or if the surveillance or search "was not made in conformity with an order of authorization or approval." *Id.* §§ 1806(e), 1825(f), 1881e(a).

In his motion, Defendant Muhtorov lays out some of the language of 50 U.S.C. § 1806(f), requiring the Court to make an *ex parte*, *in camera* evaluation of the legality of the surveillance, and he asks this Court to find that disclosure to the defense is necessary for this Court to determine the legality of the surveillance. The defendant further requests "that the disclosures he seeks be made before the Court conducts a hearing on the legal issues raised in his Motion to Suppress." Dkt. 584 at 2-3. Defendant Jumaev adopts Muhtorov's motion, Dkt. 590 at 5, and requests that the Court make no decision on the suppression motion until defendants have been provided access, *id.* at 1.

The statute, however, does not allow a defendant this form of relief unless the Court finds, after conducting its own *ex parte*, *in camera* review of the FISA material, that disclosure of "portions" of those materials "is necessary to make an accurate determination of the legality of the surveillance." 50 U.S.C. § 1806(f). If the Court is capable of making a legality determination without the assistance of defense counsel, it must do so.[1] *See, e.g.*, *United States v. El-Mezain*, 664 F.3d 467, 565 (5th Cir. 2011); *United States v. Abu-Jihaad*, 630 F.3d 102, 129 (2d Cir. 2010); *United States v.*

---

[1] This same procedure applies to motions to disclose Section702-related materials or to suppress information obtained or derived from Section 702 acquisitions, which is deemed to be electronic surveillance conducted pursuant to Title I of FISA for purposes of such motions.  50 U.S.C. § 1881e(a).

*Damrah*, 412 F.3d 618, 624 (6th Cir. 2005); *United States v. Squillacote*, 221 F.3d 542,

553-54 (4th Cir. 2000); *United States v. Badia*, 827 F.2d 1458, 1464 (11th Cir. 1987);

*United States v. Belfield*, 692 F.2d 141, 147 (D.C. Cir. 1982). Clearly the statutory

mandate is that "[d]isclosure of FISA materials is the exception and *ex parte*, *in camera*

determination is the rule." *El-Mezain*, 664 F.3d at 567 (citing *Abu-Jihaad*, 630 F.3d at

129); *United States v. Duggan*, 743 F.2d 59, 78 (2d Cir. 1984) (same); *United States v.

Rosen*, 447 F. Supp. 2d 538, 546 (E.D. Va. 2006); *see also Belfield*, 692 F.2d at 147

("The language of section 1806(f) clearly anticipates that an *ex parte*, *in camera*

determination is to be the rule. Disclosure and an adversary hearing are the exception,

occurring *only* when necessary.") (emphasis in original); *United States v. Isa*, 923 F.2d

1300, 1306 (8th Cir. 1991). As courts have observed, a case in which "disclosure is

necessary" is "one-in-a-million." *In re Grand Jury Proceedings of Special April 2002

Grand Jury*, 347 F.3d 197, 203 (7th Cir. 2003) (affirming district court's decision not to

disclose FISA applications and orders based on the court's own review of the record).

  Defendant Muhtorov cites a district court order from *United States v. Daoud*,

2014 WL 321384, *2 (N.D. Ill. Jan. 29, 2014), for the proposition that FISA materials

were recently ordered disclosed for the first time. Dkt. 584, at 10 n.9, 13.  However, as

Defendant Jumaev notes,[2] the Seventh Circuit more recently reversed that order,

finding that the district court had failed to comply with the requirement of the statute that

it first make an *ex parte*, *in camera* determination that disclosure to the defense was

---

[2] Jumaev, however, mischaracterized the Seventh Circuit's ruling.  The Seventh Circuit did not
hold that a district court is obliged "to disclose such [FISA] materials to defense counsel in order
for the court to make an accurate determination of the legality of the challenged surveillance."
Dkt. 590 at 5 n.1.

"necessary to make an accurate determination of the legality of the surveillance." *United States v. Daoud*, 2014 WL 2696734, at * 2. Notably, the Seventh Circuit did not credit Daoud's argument, the same argument that Defendant Muhtorov advances here, that "necessary" should be construed to mean would "substantially promote an accurate determination of legality," in reviewing the legislative history Muhtorov offers in his motion. Indeed, every court that has applied § 1806(f), including this Court in the prior FISA suppression litigation, has understood the provision to mean what it says—that that disclosure must be "necessary" or "needed" to adjudicate the lawfulness of the surveillance. *See, e.g.*, *El- Mezain*, 664 F.3d at 565-66 (district court did not "need the assistance of defense counsel to make an accurate determination of the legality of the surveillance"); *In re Grand Jury Proceedings*, 347 F.3d at 203 ("there is no need to disclose any of the FISA materials"); *Squillacote*, 221 F.3d at 554 (denying request for disclosure "because the documents submitted by the government were sufficient for the [court] to determine the legality of the surveillance"); *Belfield*, 692 F.2d at 147 ("Disclosure and an adversary hearing are the exception, occurring *only* when necessary."). Thus, before considering disclosure of classified FISA materials to defense counsel, "the district judge must, in a non-public ("*in camera*"), nonadversarial ("*ex parte*") proceeding, attempt to determine whether the surveillance was proper." *Daoud*, 2014 WL 2696734, at *2.  If the Court is able to make that determination, disclosure to defense counsel is unwarranted.

<u>The Propriety of a Redacted Classified Filing and *Ex Parte* Classified Hearing</u>

In the alternative, Muhtorov requests that the Court strike the government's classified memorandum in its entirety and consider only the unclassified portions of the government's response. Dkt. 584 at 3-4. The defendant cites no authority that would support this request. Moreover, for a second time in this case, the Muhtorov makes the meritless argument that *ex parte*, *in camera* hearings violate fundamental constitutional principles and cites general case law to that effect. *Id.* at 9-12. Jumaev also cites general case law disfavoring *ex parte* pleadings. Dkt. 590 at 7-17.  This Court has already rejected such arguments and should do so again.

When it enacted FISA, Congress was fully aware of the benefits of adversary process, and it balanced those against the exceptional costs that would be incurred by revealing "sensitive foreign intelligence information." S. Rep. No. 95-701, 95th Cong., 2d Sess. 64, at 57 (1978); *see also Belfield*, 692 F.2d at 148 (noting that Congress was "aware" of the difficulties of *ex parte* procedures, but that Congress made a "thoroughly reasonable attempt to balance the competing concerns of individual privacy and foreign intelligence."). All courts that have considered the constitutionality of such an *in camera*, *ex parte* examination have held such examinations to be constitutional. *See, e.g.*, *United States v. Ott*, 827 F.2d 473, 476-77 (9th Cir. 1987); *Duggan*, 743 F.2d at 78; *Belfield*, 692 F.2d at 147; *United States v. Spanjol*, 720 F. Supp. 55, 58-60 (E.D. Pa. 1989); *United States v. Megahey*, 553 F. Supp. 1180, 1193-94 (E.D.N.Y. 1982); *United States v. Falvey*, 540 F. Supp. 1306, 1315-16 (E.D.N.Y. 1982). The defendants cannot cite a single case, besides the recently reversed district court order in *Daoud*, in which a

court has found the adversarial process to be the appropriate way to handle FISA litigation.

Other *ex parte* procedures are a familiar part of criminal procedure. Rule 16(d)(l) contains an oft-used provision: "the court may permit a party to show good cause [for relief from discovery] by a written statement that the court will inspect *ex parte*. If relief is granted, the court must preserve the entire text of the party's statement under seal." F. R. Crim. P. 16(d)(l); *see also United States v. Innamorati*, 996 F.2d 456, 487 (1st Cir. 1993) ("[Rule] 16(d)(l) expressly authorizes the court to deny discovery of information sought by a defendant based on an *ex parte* showing by the Government of the need for confidentiality."); *see generally United States v. Rezaq*, 134 F.3d 1121, 1142 (D.C. Cir. 1998). Courts have held that *ex parte*, *in camera* proceedings are appropriate under Rule 16(d)(1).  *See, e.g.*, *United States v. Hanna*, 661 F.3d 271, 294-95 (6th Cir. 2011); *United States v. Pringle*, 751 F.2d 419, 427-28 (1st Cir. 1984); *United States v. Pelton*, 578 F.2d 701,707 (8th Cir. 1978) (*ex parte*, *in camera* proceedings appropriate where prosecutors were concerned about safety of individuals if certain tapes were disclosed to defense).

Likewise, under CIPA, the rationale of authorizing *ex parte* submissions is logical. As the Ninth Circuit has observed – citing the legislative history of CIPA Section 4 – where "the Government is seeking to withhold classified information from the defendant, an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules."  *United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988) (quoting H.R. Rep. No. 96-831, 96th Cong., 2d Sess., at 27 n.22 (1980)). *See also*

*United States v. Zazi*, 2011 WL 2532903, at *3 (E.D.N.Y. 2011) (finding that disclosure

of the classified information to defense counsel "would be particularly anomalous, as it

would provide defense counsel access to sensitive information to which, if the

government is correct, they are not entitled under any theory"). In *United States v.*

*Campa*, 529 F.3d 980, 995 (11th Cir. 2008), the court reasoned, "[t]he right that section

four confers on the government would be illusory if defense counsel were allowed to

participate in section four proceedings because defense counsel would be able to see

the information that the government asks the district court to keep from defense

counsel's view."

     In *United States v. Mejia*, 448 F.3d 436 (D.C. Cir. 2006), the court, having

rejected defendant's contention that he was entitled to access to classified materials in

a CIPA Section 4 motion, noted that criminal prosecutions routinely involve discovery

determinations from which the defense is excluded:

> We recognize . . .  that the defendants and their counsel, who are in the best
>
> position to know whether information would be helpful to their defense, are
>
> disadvantaged by not being permitted to see the [classified] information  — and
>
> thus to assist the court in its assessment of the information's helpfulness . . . .We
>
> note, however, that while the defendants' predicament is difficult, it is not without
>
> close analogies. When a court (rather than the prosecutor alone, as is ordinarily
>
> the case) reviews evidence *in camera* to determine whether it constitutes a
>
> witness statement subject to disclosure under the Jencks Act . . . , or exculpatory
>
> material subject to disclosure under Brady the defendant is likewise "not entitled

to access to any of the evidence reviewed by the court . . . to assist in his argument" that it should be disclosed.

*Id.* at 458.

As the Seventh Circuit recently acknowledged in *Daoud*: "The Foreign Intelligence Surveillance Act is an attempt to strike a balance between the interest in full openness of legal proceedings and the interest in national security, which requires a degree of secrecy concerning the government's efforts to protect the nation . . . . Conventional adversary procedure thus has to be compromised in recognition of valid social interests that compete with the social interest in openness." 2014 WL 2696734, at *4.  Defendants' arguments that hearings on FISA discovery must be open and adversarial disregard the balance Congress struck when it enacted FISA provisions that provide due process to defendants while protecting the crucial interests in national security. There is no Sixth Amendment right to have counsel present for a classified, pretrial determination, *see United States v. Abu Ali*, 528 F.3d 210, 254 (4th Cir. 2008), and the FISA process enacted by Congress has been upheld by every court that has considered the constitutionality of the statute. *See, e.g.*, *Damrah*, 412 F.3d at 624-25; *Isa*, 923 F.2d at 1306-07; *Ott*, 827 F.2d at 476–77; *Belfield*, 692 F.2d at 148-49.

There is similarly no basis for Defendant Muhtorov's objection to a classified, *ex parte* hearing. Indeed, the Seventh Circuit recently observed that there appears to be no authority to support such an argument. *Daoud*, 2014 WL 2696734, at *6.  That court followed the Ninth Circuit's practice in conducting such a hearing.  *See United States v. Sedaghaty*, 728 F.3d 885, 891 & n. 2 (9th Cir. 2013); *cf. American Civil Liberties Union*

*v. Department of Justice*, 681 F.3d 61, 66, 70 (2d Cir. 2012). The *Daoud* court also

noted that the defense's objection to the classified hearing was "ironic" as the "purpose

of the hearing was to explore, by questioning the government's lawyer on the basis of

the classified materials, the need for defense access to those materials (which the

judges and their cleared staffs had read). In effect this was cross-examination of the

government, and could only help the defendant." *Daoud*, 2014 WL 2696734, at *6.

Finally, the defendants' objection to the government's *ex parte* filing of a classified brief,

with a redacted version filed on the public record, something which the government

does in every FISA case including the original FISA litigation in this case, is also

baseless. *See Sedaghaty*, 728 F.3d at 908 n.12 ("[The defendant] moved to strike the

classified, *ex parte* appellate briefs and excerpts of record filed by the government or, in

the alternative, to request access for his security-cleared counsel and expert to the

documents. We denied the motion for the same reasons discussed below with regard to

the requirements of CIPA.").

The defendants' request to prevent the government from providing its full account

of the surveillance that occurred in this case, either in its classified pleading or in any

subsequent hearing, would impair the operation of one of the fundamental safeguards

of FISA: that the district court have access to the information needed for an *ex parte*, *in

camera* review of the propriety of the surveillance, and thus perform an important check

on the government, without the government having to unnecessarily share that sensitive

information with the defense. The defendants acknowledge that the Court can review

the classified FISA applications and orders and other materials itself *ex parte* and *in*

*camera*, but argues that the Court cannot review the government's explanation of those materials or ask any questions to test the government's assertions without defense counsel present. This would deprive the Court of the means of acquiring information relevant to the decision before it, means that would readily be available in any motion the government made under Rule 16(d). The government's compelling interest in protecting ongoing national security investigations and intelligence sources and methods, coupled with the protections found in other parts of FISA, justifies limiting the defendants' right to review the FISA applications and orders – and the information derived from them – especially given the relatively straightforward task of assessing the lawfulness of initiating surveillance, which district courts do on a regular basis when approving or evaluating criminal search warrants.  *See Isa*, 923 F.2d at 1307; *see also Kaley v. United States*, 134 S. Ct. 1090, 1103 (2014) ("This Court has repeatedly declined to require the use of adversarial procedures to make probable cause determinations.").

Jumaev's Additional Arguments in Favor of Disclosure

Because the government is not entering into evidence or otherwise using or disclosing information obtained or derived from Section 702 collection to which Jumaev is aggrieved in this prosecution, he has no standing to challenge the constitutionality of Section 702 or the Section 702 collection at issue in this case. 50 U.S.C. §§ 1806(c), 1881e(a). Defendant Jumaev has not accepted the government's assertion that he does not meet the statutory test for notice and cannot seek suppression of Section 702 obtained or derived materials, and, therefore, the government has provided the Court *ex*

*parte* with classified information which shows that Jumaev does not meet the statutory test for notice and has no standing to challenge to the statute or collection that occurred in the case. The portion of the government's response to Muhtorov's suppression motion which pertains to Jumaev does so only to again explain that he has no standing to adopt Muhtorov's motion. Likewise, Jumaev lacks standing to file his instant motion to adopt Muhtorov's objection to partially classified pleadings. There is nothing for Jumaev to move to suppress, and therefore he cannot object to the Court's consideration of Muhtorov's suppression motion without disclosure of the classified portions of the Government's response. Defendant Jumaev's arguments regarding any ambiguity that exists in the term "derived from" have no bearing on this case. Dkt. 590 at 5-7.

Jumaev makes additional, irrelevant arguments in support of his pleading. As to Jumaev's speculation that discoverable material exists within the redacted material, Dkt. 590 at 7-9, there is no basis for this assertion. The government understands, has complied with, and intends to continue complying with its discovery obligations, including declassifying or providing through CIPA any materials currently classified. Disclosure of any of the FISA materials is not permitted unless "necessary" to adjudicate the lawfulness of the surveillance. 50 U.S.C. § 1806(f).

Jumaev's arguments that an FAA suppression motion is somehow different from an ordinary FISA suppression motion, or that this is a case of first impression for this Court, Dkt. 590 at 9-10, similarly have no bearing on the statute Congress passed, which requires *ex parte*, *in camera* review of the FISA materials by the Court. Moreover, his claims that "[t]he FISC is not authorized to address the constitutionality of

the FAA" and that "no court" has ever done so are patently wrong.  Dkt. 590 at 10.  The statute permits the FISC to authorize a certification only if it finds, among other things, that the targeting and minimization procedures are consistent with both the statute and the Fourth Amendment, the latter of which would be violated if the statutory definition of such procedures or the proposed acquisitions themselves were unconstitutional.  *See* 50 U.S.C. § 1881a(i)(3)(A).  A recently declassified FISC opinion establishes that the FISC has complied with this statutory mandate and closely scrutinized the constitutionality of such procedures in each certification.  *See [Caption Redacted]*, 2011 WL 10945618, at *6 (FISC Oct. 3, 2011).

Jumaev also argues that the government should have sought leave of Court before filing *ex parte*, but acknowledges that § 1806(f) explicitly allows and provides for *ex parte* submission. Dkt. 590 at 15 ("While 50 U.S.C. § 1806(f) allows the government, under specified circumstances to submit materials *ex parte* to the district court for an *in camera* review, Mr. Jumaev should not have to guess that such a proceeding is occurring."). The government has not concealed that an *ex parte* filing, permitted by FISA, occurred; indeed, the government filed a notice to inform defendants. Dkt. 569. General arguments that *ex parte* proceedings are disfavored or that they have not been permitted in other contexts ignore Congress's contrary determination embodied in FISA and the FAA. Dkt. 590 at 11-20.

<u>Request for Alternate Relief Under CIPA</u>

Defendant Muhtorov's argument, invoked by Jumaev, that CIPA provides an alternate mechanism for the defense to access classified FISA material is erroneous. As an initial matter, FISA disclosure matters are not covered by CIPA, but by the specific procedures set forth in FISA.  And, in any event, defense counsel does not have access to classified information under the procedures outlined in CIPA unless he or she has a "need to know" that information for a case-related purpose. It would be impossible for defense counsel to have a "need to know" in the FISA context unless the Court finds that such access is "necessary" to determine the legality of the surveillance.

As was already previously discussed in CIPA litigation in this case, the mere possession of a clearance does not entitle defense counsel access to classified information. Counsel must also have a "need to know."  *See* Executive Order 13526, §§ 4.1(a) and 6.1(dd) (requiring that a "need to know" determination be made prior to the disclosure of classified information to anyone, including those who possess a security clearance); *El-Mezain*, 664 F.3d at 568 ("We are unpersuaded by the defendants' argument that the Government's interest [in protecting classified information from disclosure to defense counsel] is diminished because defense counsel possess security clearance to review classified material."); *United States v. Amawi*, 2009 WL 961143 (N.D. Ohio, Apr. 7, 2009) (cleared counsel denied access to CIPA classified information because they had no need to know); *United States v. Abu-Jihaad*, 2007 WL 2972623, at *2 (D. Conn. Oct. 11, 2007) (citing *United States v. Yousef*, 327 F.3d 56, 168 (2d Cir. 2003); *Mejia*, 448 F.3d at 455-56; *United States v. Yunis*, 867 F.2d 617, 621-25 (D.C.

Cir. 1989); *United States v. Libby*, 429 F. Supp. 2d 18, 24 & n.8 (D.D.C. 2006) (security clearance alone does not justify disclosure because access to classified information is permitted only upon a showing that there is a "need to know"); *accord United States v. Bin Laden*, 126 F. Supp. 2d 264, 287 n. 27 (S.D.N.Y 2000); *see generally Ott*, 827 F.2d at 476-77 ("Congress has a legitimate interest in authorizing the Attorney General to invoke procedures designed to ensure that sensitive security information is not unnecessarily disseminated to anyone not involved in the surveillance operation in question, whether or not she happens for unrelated reasons to enjoy security clearance.") (rejecting the contention that the clearance of counsel creates a due process right of access to classified materials in a FISA litigation case). Where, as here, it is not "necessary" under FISA for the defense to access classified FISA application materials, defense counsel simply has no "need to know" and CIPA has no role.

Indeed, the *Daoud* court rejected the very CIPA-based circumvention of FISA that the defendants propose here:

> [The district court judge] seems to have thought that any concerns about disclosure were dissolved by defense counsel's security clearances. She said that "the government had no meaningful response to the argument by defense counsel that the supposed national security interest at stake is not implicated where defense counsel has the necessary security clearances"— as if disclosing state secrets to cleared lawyers could not harm national security. Not true. Though it is certainly highly unlikely that Daoud's lawyers would, Snowden-like, publicize classified information in violation of federal law, they might in their zeal

to defend their client, to whom they owe a duty of candid communication, or misremembering what is classified and what not, inadvertently say things that would provide clues to classified material. Unless and until a district judge performs his or her statutory duty of attempting to determine the legality of the surveillance without revealing any of the fruits of the surveillance to defense counsel, there is no basis for concluding that disclosure is necessary in order to avert an erroneous conviction.

2014 WL 2696734, at *4. Because the "need to know" for FISA application materials is governed by the "necessary" standard, "[i]f the district judge's threshold inquiry into whether Daoud's lawyers needed any of the surveillance materials revealed that they didn't, their security clearances would not entitle them to any of those materials." *Id.* at 5. CIPA, even if it applied here, would not allow a defendant to circumvent the procedures enacted by Congress in FISA.

<u>Other Requested Relief</u>

To the extent Defendant Muhtorov requests a taint hearing under *Alderman v. United States*, 394 U.S. 165, 180-81 (1969), on the assumption that the Court will find the surveillance was illegal (Dkt. 584, at 3-4), such a motion is, at the least, premature, as no such finding has been made. The government thus asks that this relief be denied at this time without prejudice to refiling in the event that the Court finds any illegality.

<u>CONCLUSION</u>

For the reasons stated above, the defendants' motions should be denied.


Respectfully submitted this 2nd day of July, 2014.


                    JOHN F. WALSH
                    United States Attorney


By:        *s/ Gregory A. Holloway*
                    GREGORY A. HOLLOWAY
                    Assistant United States Attorney
                    United States Attorney's Office
                    1225 Seventeenth Street, Suite 700
                    Denver, Colorado  80202
                    Telephone: (303) 454-0100
                    Fax:  (303) 454-0406
                    e-mail:  Gregory.Holloway@usdoj.gov
                    Attorney for the Government


By:        *s/ Erin Creegan*
                    ERIN CREEGAN
                    Trial Attorney
                    Counterterrorism Section
                    U.S. Department of Justice
                    950 Pennsylvania Ave., NW
                             Washington, DC  20530
                    Telephone: (202) 514-0127
                    Fax:  (202) 514-8714
                    e-mail:  Erin.Creegan@usdoj.gov
                    Attorney for the Government

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July, 2014, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION FOR ORDER REQUIRING GOVERNMENT TO DISCLOSE OR PROVIDE DEFENSE COUNSEL ACCESS TO ITS CLASSIFIED PLEADINGS AND OBJECTION TO EX PARTE PROCEEDINGS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Brain R. Leedy**
    Email: Brian_Leedy@fd.org

**Warren R. Williamson**
    Email: Rick_Williamson@fd.org

**Kathryn Stimson**
    Email: kathryn@stimsondefense.com

**David B. Savitz**
    Email: savmaster@aol.com

**Mitchell Baker**
    Email: mitchbaker@estreet.com


                    *S/ Maureen Carle*
                    MAUREEN CARLE
                    Legal Assistant
                    United States Attorney's Office
                    1225 Seventeenth Street, Suite 700
                    Denver, Colorado 80202
                    Telephone: 303-454-0100
                    Email: Maureen.Carle@usdoj.gov

18