IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 12-cr-00033-JLK-2

UNITED STATES OF AMERICA,
Plaintiff,

v.

2. BAKHTIYOR JUMAEV,
Defendant.
_____

**DEFENDANT BAKHTIYOR JUMAEV'S OBJECTIONS
TO THE PRE-SENTENCE INVESTIGATION REPORT
(RELATED TO DOC. 1885)**

The defendant, Bakhtiyor Jumaev, by and through his attorneys, submits

the following objections to the Pre-Sentence Investigation Report ("PSR") (Doc.

1885):

1. ERROR: The PSR's reliance on the Government's version of the

relevant facts, as discussed in **The Offense Conduct,** ¶¶ 7-25 of the PSR, is

misplaced.

CORRECTION/EXPLANATION: Mr. Jumaev believes the Government's

recitation is too restrictive, engages in an unwarranted presumption of the

evidence that led to the jury's verdicts, and omits relevant facts. Those omitted

facts are relied upon and described in Mr. Jumaev's Sentencing Statement and

Motion for Variant Sentence (Doc. 1908) and contained at pages 3 thru 7, which

are incorporated herein.

2.  ERROR: The PSR's reliance on the Government's argument regarding the applicability of the **Adjustment for Obstruction of Justice,** at ¶¶ 27-28, is qualified by its deferring to the Court for its analysis. That adjustment, however, does not apply.

CORRECTION:  The Gvt SS at 11, and the PSR at ¶¶ 38-39, albeit more tepidly, argue for an upward adjustment of 2 levels for obstruction of justice under USSG §3C1.1. The argument is based on the view that Mr. Jumaev lied during trial when he testified that the $300 he sent Mr. Muhtorov was a partial repayment of the debt he owed the latter for his financial contribution a year earlier towards Mr. Jumaev's immigration bond.

Mr. Jumaev relies upon and addresses this adjustment in his Sentencing Statement and Motion for Variant Sentence (Doc. 1908) at pages 16 thru 17, which are incorporated herein.

3.  ERROR: The PSR at ¶¶ 35-36, asserts that USSG §3A1.4 applies to this case, but Mr. Jumaev disagrees.

CORRECTION/EXPLANATION: Mr. Jumaev relies upon and discusses the reasons why §3A1.4 is inapplicable to this case in his Sentencing Statement and Motion for Variant Sentence (Doc. 1908) at pages 9 thru 15 and 28 thru 30, which are incorporated herein.

3.  ERROR: The PSR's **Offense Level Computation,** at ¶¶ 34-43, is faulty.

CORRECTION: The Court should reject §3A1.4 as applicable to the facts of this case and instead focus its analysis upon USSG § 2M5.3 and the relevant adjustments.   Mr. Jumaev's calculation of the advisory guidelines ranges in described in Doc. 1908 at pages 21 thru 23 is the correct calculation and are incorporated herein.

4.  ERROR: The PSR's **Criminal History Computation,** at ¶ 48, places Mr. Jumaev in CHC VI based on the provisions of USSG § 3A1.4.

CORRECTION: As argued at incorporated pages 23-24 of Doc. 1908 and in these objections, ascribing CHC VI to Mr. Jumaev is unreasonable and arbitrary.  Moreover, if reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted. §4A1.3(b).

Except for the enhancement contained in §3A1.4, which have nothing to do with the calculations customarily attributed to an individual's criminal history category, Mr. Jumaev would fall within CHC I since zero points would be assigned to him. The PSR at ¶¶ 46, 47, and 106 is in accord.

5.  ERROR: The PSR at ¶ 60 states that Mr. Jumaev had not seen his son

Davlat physically since leaving Uzbekistan.

CORRECTION: Mr. Jumaev had not seen his son Davlat physically since Davlat left Uzbekistan. Mr. Jumaev had seen Davlat physically via Skype from the time Mr. Jumaev entered the United States in 2000 until shortly before his arrest on March 15, 2012. Mr. Jumaev had not seen Davlat since and until Davlat testified in this case. Between March 15, 2012 and when he testified, Davlat had left Uzbekkistan.

6.  ERROR: The PSR at R-3, the 7th line from the top, states, in applicable part, that Mr. Muhtorov "was planning to join the effort in Syria to wage violent jihad."

CORRECTION: Mr. Jumaev is unaware of any evidence and had no knowledge that Mr.Muhtorov was planning to join the effort in Syria.

Based on the above, Mr. Jumaev requests that his objections be sustained and for further relief as the Court may deem proper.

DATED: June 28, 2018.

Respectfully submitted,

/s/ David Barry Savitz
David Barry Savitz
Law Office of David B. Savitz
1512 Larimer Street, Suite 600
Denver, CO  80202
Telephone: (303) 825-3109
savmaster@aol.com

/s/ Mitchell Baker
Mitchell Baker
Attorney at Law
1543 Champa Street, #400
Denver, CO 80202
Telephone: (303) 592-7353
mitchbaker@estreet.com

*Attorneys for Bakhtiyor Jumaev*

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ Pat Austin
Pat Austin