**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No. 12-cr-00033-JLK

UNITED STATES OF AMERICA,

      Plaintiff,

v.


 2.  BAKHTIYOR JUMAEV

      Defendant.

---

**DEFENDANT BAKHTIYOR JUMAEV'S MOTION**
**TO REMOVE THE RESTRICTION OF PUBLIC ACCESS TO**
**CERTAIN PLEADINGS AND THEIR EXHIBITS**

---

The defendant Bakhtiyor Jumaev moves this Honorable Court for an order directing the Clerk of the District Court to remove the restriction of public access to Document Nos. 1908 and 1917, including their exhibits, and for reasons informs the Court as follows:

1. These pleadings relate to Mr. Jumaev's Sentencing Statement and Motion for a Variant Sentence, Doc. 1908, and were previously filed as Restricted Level 1. They were filed in such manner primarily because they contain information about Mr. Jumaev's background, history and characteristics and relevant facts regarding the nature of the offenses of conviction.

2. Nearly all of the information contained in Docs. 1908 and 1917 has

been previously disclosed during public pretrial, trial, and sentencing proceedings, and to a large extent is contained in the Court's Memorandum Opinion and Order on Sentencing, Doc. 1920. Moreover, Mr. Jumaev allocuted personally and through an authorized interpreter at his sentencing hearing, as well as in a previous letter provided to the Court. *See* Doc. 1917, Exhibit 1, and Doc. 1919.

3. It has been important to Mr. Jumaev to have his voice heard and disseminated without restriction in order to counter the adverse publicity that has been published about this case and his convictions and that of the codefendant Muhtorov. That adverse publicity is likely to follow Mr. Jumaev through the resumption of his upcoming immigration proceedings and beyond.

4. D.C.COLO.LCrR 47.1(a) provides that "[U]nless restricted by statute, rule of criminal procedure or order, the public shall have access to all cases and documents filed with the court and all court proceedings." D.C.COLO.LCrR 32.1 includes a list of required and discretionary sentencing documents that are filed in criminal cases. Unless otherwise ordered, motions for departure or variance cannot be filed as restricted documents.

5. In this case, the parties have been guided by various protective orders with respect to what information shall be filed as restricted and, on occasion, have proceeded with an overabundance of caution to not run

afoul of those orders. Mr. Jumaev proceeded in such overly cautious fashion with respect to Docs. 1908 and 1917. In fact, Doc. 1908 may have been the precipitant for the Court's issuance of its "Notice of Rejection of U.S. Sentencing Guidelines". Doc. 1914.  Mr. Jumaev seeks to remove the restriction of public access to Docs. 1908 and 1917 in order to provide context and a connection to Doc. 1914 and to the sentence crafted by the Court in Doc. 1920, which was based on rational thought, humanity, and compassion.

6.  As a result, Mr. Jumaev seeks an order directing the Clerk of the District Court to remove the restriction from Docs. 1908 and 1917, and their exhibits and to publish them publicly.

WHEREFORE, Mr. Jumaev prays that this Honorable Court order the Clerk of the District Court to remove the restriction from Docs. 1908 and 1917 in order to allow public access to them and for such further relief as the Court may deem proper.

Dated July 20, 2018.

Respectfully submitted,

/s/ David Barry Savitz
David Barry Savitz
Law Office of David B. Savitz
1512 Larimer Street, Suite 600
Denver, CO  80202
Telephone: (303) 825-3109
savmaster@aol.com

/s/ Mitchell Baker
Mitchell Baker
Attorney at Law
1543 Champa Street, #400
Denver, CO 80202
Telephone: (303) 592-7353
mitchbaker@estreet.com

*Attorneys for Bakhtiyor Jumaev*

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record.


/s/ David Savitz
David Savitz