# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br>v.<br><br>BAKHTIYOR JUMAEV,<br><br>    Defendant-Appellant. | (D.C. No. 1:12-CR-00033-JLK)<br>(D. Colo.)<br><br>Court of Appeals No. 18-1296 |

# BAKHTIYOR JUMAEV'S DESIGNATION OF RECORD

Defendant Bakhtiyor Jumaev, through undersigned counsel, submits this designation of record, which includes all of the materials that should be included in the record on appeal.

Those original papers which have been designated by circling their respective docket numbers (or dates of entry) on the attached copy of the district court's docket sheets should be included in the record on appeal prepared by the clerk of the district court and transmitted to the clerk of the court of appeals. (If the district court clerk so elects, original papers may be retained in the district court and copies thereof may be included in the record on appeal.)

The following items should also be included in the record on appeal. (Portions of transcripts should be designated by hearing dates and page numbers.)

**1.** In addition to the transcripts circled on the attached district court docket, which are on file in the district court, the record on appeal should include the following transcripts, which counsel has ordered (Transcript Order Form, Doc. 1928):

<u>Status conferences:</u>

3/1/17
3/6/17

11/30/17

Pretrial motions hearings:

11/9/17

All trial proceedings, including the transcripts of the proceedings on the following days:

3/12/18
3/13/18
3/14/18
3/15/18
3/22/18
4/26/18
4/27/18
4/30/18

Ex parte proceedings:

6/28/12
8/30/12
8/26/15
1/12/16
8/25/16
1/6/17
2/16/17
2/21/17
3/8/17
4/20/17
7/13/17
10/25/17
11/1/17
11/13/17
1/30/18
2/21/18
2/27/18
3/6/18
5/29/18

Other Proceedings:

6/21/12 ("proceedings")
9/20/17 ("in court hearing proceedings")
1/30/18 ("in camera hearing on deposition objections")

**2.** The record on appeal should include all ex parte and classified materials that are part of the record in the district court, including classified orders and all ex parte submissions of every kind. Counsel is unable to identify all of these materials because counsel does not have access to materials that the government submitted to the Court ex parte. The ex parte and classified materials should include *but not be limited to* the following:

a. The In Camera Ex Parte Under Seal Filing By The United States Pursuant To Classified Information Procedures Act that is associated with the Notice at Docket No. 198. Mr. Jumaev has circled the docket number so that the notice will be included. The record on appeal should also include the filing itself.

b. The In Camera Ex Parte Under Seal Filing By The United States Pursuant To Classified Information Procedures Act that is associated with the Notice at Docket No. 326. Mr. Jumaev has circled the docket number so that the notice will be included. The record on appeal should also include the filing itself.

c. The Government's Classified Memorandum In Opposition To Defendant's Motion To Suppress Evidence Obtained Or Derived From Surveilance Under The FISA Amendments Act And Motion For Discovery associated with the Notice at Docket No. 569. Mr. Jumaev has circled the docket number so that the notice will be included. The record on appeal should also include the filing itself.

d. The Ex Parte Under Seal Filing Of Additional Materials With the Court Relating To Documents 559 and 569 that is associated with the Notice at Docket No. 879. Mr. Jumaev has circled the docket number so that the notice will be included. The record on appeal should also include the filing itself.

e. The Conventionally Submitted Material associated with the Notice at Docket No. 932. Mr. Jumaev has circled the docket number so that the notice will be included. The record on appeal should also include the material that was submitted, which the docket indicates is "One Disk, located in the Clerk's Office."

f. The In Camera Ex Parte Under Seal Filing By The United States Pursuant To Classified Information Procedures Act that is associated with the Notice at Docket No. 1092. Mr. Jumaev has circled the docket number so that the notice will be included. The record on appeal should also include the filing itself.

g. The government's Classified Ex Parte, In Camera Motion associated with the Notice at Docket No. 1489. Mr. Jumaev has circled the docket number so that the notice will be included. The record on appeal should also include the motion itself.

h. The government's In Camera Ex Parte Under Seal Filing that is associated with the Notice at Docket No. 1567. Mr. Jumaev has circled the docket number so that the notice will be included. The record on appeal should also include the filing itself.

i. The In Camera, Ex Parte Under Seal Filing By The United States Pursuant To The Classified Information Procedures Act that is associated with the Notice at Docket No. 1590. Mr. Jumaev has circled the docket number so that the notice will be included. The record on appeal should also include the filing itself.

j. The Classified Orders associated with the Notice at Docket No. 1616. Mr. Jumaev has circled the docket number so that the notice will be included. The record on appeal should also include all of the orders.

k. The In Camera, Ex Parte Under Seal Filing By The United States Pursuant To The Classified Information Procedures Act that is associated with the Notice at Docket No. 1643. Mr. Jumaev has circled the docket number so that the notice will be included. The record on appeal should also include the filing itself.

l. The Classified Order associated with the Notice at Docket No. 1644. Mr. Jumaev has circled the docket number so that the notice and associated unclassified order will be included. The record on appeal should also include the classified order.

m. The Classified Order associated with the Notice at Docket No. 1668. Mr. Jumaev has circled the docket number so that the notice will be included. The record on appeal should also include the classified order.

n. The government's In Camera Ex Parte Under Seal Filing that is associated with the Notice at Docket No. 1679. Mr. Jumaev has circled the docket number so that the notice will be included. The record on appeal should also include the filing itself.

o. The government's In Camera Ex Parte Under Seal Filing that is associated with the Notice at Docket No. 1681. Mr. Jumaev has circled the docket number so that the notice will be included. The record on appeal should also include the filing itself.

p. The Classified Order associated with the Notice at Docket No. 1720. Mr. Jumaev has circled the docket number so that the notice will be included. The record on appeal should also include the classified order.

q. The government's In Camera Ex Parte Under Seal Filing that is associated with the Notice at Docket No. 1743. Mr. Jumaev has circled the docket number so that the notice will be included. The record on appeal should also include the filing itself.

If there are any ex parte materials that are not reflected on the docket, the record on appeal should include those materials as well.

3. The Conventionally Submitted Material ("One Compact Disc Containing Exhibit B to 1827") associated with the Notice at Docket No. 1828. Mr. Jumaev has circled the docket number. The record on appeal should include the conventionally submitted material itself.

4. All prosecution and defense exhibits from all hearings, including classified exhibits and exhibits presented ex parte.

5. All prosecution and defense exhibits from the trial.

/s/ Zachary A. Ives
Zachary A. Ives
PO Box 27469
Albuquerque, NM 87125-7469
505.257.3787
zach@zachiveslaw.com
Counsel for Defendant Bakhtiyor Jumaev

I hereby certify that a copy of this designation, with docket sheets attached, was served on opposing counsel and filed with the clerk of the court of appeals on August 22, 2018.

/s/ Zachary A. Ives
Zachary A. Ives
PO Box 27469
Albuquerque, NM 87125-7469
505.257.3787
zach@zachiveslaw.com
Counsel for Defendant Bakhtiyor Jumaev

## INSTRUCTIONS

If appellant is represented by court-appointed counsel, or is represented by retained counsel, but a co-defendant who appeals is represented by court-appointed counsel, appellant's counsel must designate the record on appeal by completing and filing this form with the clerk of the district court within 14 days after filing the notice of appeal. Copies must be served on all parties to the appeal and a copy must be filed with the clerk of the court of appeals. Within 14 days after service of appellant's designation, appellee may file and serve an additional designation. Copies of the district court docket sheets must be attached to every copy of the designation filed or served.

Although nonessential parts of the district court record should not be designated for inclusion in the record on appeal, it is counsel's responsibility to see that the record on appeal is sufficient for consideration and determination of the issues on appeal, and the court is under no obligation to remedy any failure of counsel to fulfill that responsibility.

**Every record on appeal must contain:** 1) the last amended complaint and answer, or the indictment or information and any superseding indictment or information; 2) the final pretrial order (if any); 3) the district court's (and bankruptcy court's or magistrate's)

pertinent findings and conclusions, opinions, or orders, and, if the findings and conclusions were stated orally, a copy of the transcript pages where they appear;   4) the final judgment or order from which the appeal is taken;   5) all jury instructions when an instruction is an issue on appeal, along with proposed instructions which were refused;   6) the notice of appeal; and 7) the district court docket sheets.

The following additional items should be included in the record on appeal under the circumstances indicated:   1) when an appeal is based upon a challenge to the admission or exclusion of evidence, the giving or failure to give a jury instruction, or any other ruling or order, a copy of the pages of reporter's transcript at which the evidence, offer of proof, instruction, ruling, or order and any necessary objection are reproduced;   2) copies of key trial exhibits if the appeal requires an analysis of those exhibits (exhibits withdrawn from the district court should not be designated, but may be included in an addendum to the party's appellate brief);   3) relevant portions of briefs, memoranda, affidavits and depositions filed in support of, or in opposition to, a substantive motion--such as a motion for summary judgment, motion to dismiss, or jurisdictional motion, when the appeal is from an order granting or denying the motion;   4) other items, including excerpts of transcripts, if expressly referred to in the brief and relevant to an issue raised on appeal.